*139 OPINION of the court, by
Ch. J. Boyle.
This i§ a contest for land, under conflicting titles. Both parties have appealed from the decree of the court below* The defendant in that court derives, his title under the elder entry and patent. The objects called for ⅛ his entry are indisputably established, both with respect to their identity and notoriety ; but it is evident that a survey made in conformity to the location, ac. cording to any rational mode of construing it, cannot include any part of the land in controversy. It is, therefore, upon his patent alone that the defendant can justly place any reliance ; and consequently the Contest turns upon the validity of tfte^Attry under which the complainant derives title, and the manner i» which it ought to be surveyed.
^ rlt 1T11 PI S creek & Com-berimd. trace rious.
The Camber. ning"o^n^the branch claimed and being the fiderabie iia”a-bove Pitman, iufflcieot to de-bninch intend' *d.
Xh„ Ought to control in fome mei iure the furvey.
to approach nearer the river neceiTtry to include the than neceiTtry mrlndf» rhp camp and run along the trace in the —in a fqtare. the l.aes ptrrl lei to the ¿ene much'of the trace as «till he included, and thereto, barely includmg the
crofs appeals the ur, v-ey oneUed by nAe'S that direfled by the courc b-io v part^wii! isms lcnd decreed to him decreed t0 ¾⅛ below, each’ Partyt0 Pa.v h>* °*a c° *’
*140 The entry is for 1O00 acres, upon a treasury warrant, and was made in the name of Roger Thompson, on the 221 of May 1780, and calls to lie “ on the head of the ftrst branch that rum into Green river above Pitman’s crtíek about 2 12 miles from the river, to include a . . large camp on tne said branch, running with the turn-t>tírlaad trace for quantity.”
river, as well from its having been made the boundary of the land reserved for satisfying military c¡a¡ms as from its geographical importance, must be presumed to have been well known at the date of this entr/. Pitman’s creek ^and the Cumberland trace are a(]mitted by the parties to have been generally known at that period by those names, and the branch intended to be designated by the entry as the one on the head of wbich the land was to lie, is sufficiently identified by the circumstance of the Cumberland trace leading along it from its mouth to its source, and by its being the first one above Pitman’s creek, on which an entry of 1000 acres, 2*1-2 miles from the river, could lie. There is some proof with respect to several encampments on the branch ; but the one claimed by the complainant, from its contiguity to the head oi the brancn, and from its correspondence with the distance the location is made , from tbe r¡ver as well as from its size, it beiñs; theon-1 . . _ \ ° fy one which in comparison with the others can be der nominated large, is dearly entitled to the preference as on-e ⅛n(J⅞cated by the entrv.
The objects called for being established, it remains to determine how the entry should be surveyed. Upon p0mt tbere is some difficulty. Putting the call for distance from the river out or the question, a doubt would arise whether the call for the head of the branch sbould-be taken as locative or as a general description of the body of the land. In the former case, the survey as directed by the court below, making the centre t^e htrge encampment a point from which the survey should exteal along the trace in either direction equal bsmnces, w >uld be correct. B it if the call to “ lie on head of the branch,” should be construed to have a locative effect, then the survey ought to extend along the trace equal distancestfrom the encampment and from head of the branctt^ taaking the survey as much than wide as those two objects are distant iron» *141 each other. But it is unnecessary to determine what would be the effect of the other calls of the entry, in the . % J 1 absence of that tor distance fpm the river, since we are of opinion that, combining~the latter-with the* others, neither or the preceding modes or surveying the entry can be deemed to be correct. The call- for. ⅜“ 2 1-2 miles from the river,” has clearly a reference to the land located, and requires that it should lie as near that distance from the river as is consistent with the other calls of the entry, giving' to each its due weight. The distance not, indeed, being expressed in exact and pre-pise terms, allows of some latitude,1 and may therefore yield so far as is necessary to comply with the other calls. As the large camp mailed for . is within a few poles of the given distance, a survey barely including the cam,) in the boundary next th-⅜ river and extending from the river with the course of the trace, would muctv more nearly conform to the distance called for, than would a survey made in either qf the before mentioned modes, and oughc therefore to be preferred to either them. That such was the intention of the locator, is. farther manifested by the call for “ running with the trace for quantity.” After directing that the land should lie 2 12 miles from the river, near to which point an object was to be included, the call to run with the trace for quantity strongly implies that the survey was intended not to run with the trace towards the river, but with the trace in its direction from the river. The survey ought then to be made in a square, the lower boundary barely including the large camp, and the lines extending from the lower boundary to be parallel with the general course of the trace so far as it shall be included in the survey. A survey thus made will literally comply with every call ill the entry. The land will lie on the head of the branch, and be about 2 1-2 miles-from the river, and the survey will include the large camp and run with the trace for quantity.
According to this mode of surveying the entry, the. complainant will gain some land which was not given to him, and lose some other land which was given'to him by the decree of the court below. We think, therefore, each party ought to pay his ai$n costs in this court.
The decree must berrevers^S'ánd the eause remándedi for a decree to be entered conformably to the foregoing opinion.